IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                              CASE NO.: CR 20-CR-20058-JTF

MARTAVIUS FREEMAN,

    Defendant.

_____

**DEFENDANT'S MOTION FOR SUPRESSION OF EVIDENCE**
**WITH INCORPORATED MEMORANDUM IN SUPPORT**
_____

    Comes now the defendant, Mr. Martavius Freeman, by and through appointed counsel, Kafahni Nkrumah, Esq., and pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to suppress any and all physical evidence whether tangible or intangible; any statements or admissions alleged to have been made by Mr. Freeman; any and all observations of law enforcement officers and any other tangible or intangible evidence obtained during or as a direct or indirect result from the search of the automobile stop of a vehicle that Mr. Freeman was riding in as a passenger. This vehicle stop occurred on February 2nd, 2020 on Crystal Road in Memphis, TN.

    The initial stop of the vehicle was made without reasonable suspicion or probable cause that a traffic infraction had occurred or was occurring, and the subsequent seizure of Mr. Freeman and the search of the vehicle violated Mr. Freeman's Fourth Amendment rights. Mr. Freeman ask this Honorable Court to suppress the evidence obtained from the search of the vehicle.

## FACTS

On February 2nd, 2020 at approximately 4:50 p.m., Detectives C. Kent and J. Redding of the Memphis Police Department's organized crime unit were in the area of Hale Road when they noticed a grey Altima heading east bound on Hale Road.  The officers state that they observed the vehicle travelling at a speed outside of the posted speed limit and the occupants of the vehicle not wearing seatbelts.  As the officers pulled behind the grey Altima and started to follow the vehicle the officers also put on their emergency lights and alerted the occupants of the vehicle to their presence as police officers.  When the driver of the vehicle realized that the officers' lights were for them he the driver of the vehicle made a left turn, and then a right, turn in an attempt to find a safe area in which to pull over.

After initiating a traffic stop of the vehicle, on Crystal Street, the officers approached the vehicle and made contact with the driver, identified as Carlos Mason.  The detectives stated that Mr. Mason had an active warrant and Mr. Mason advised officers that he had a little marijuana on him and the officers detained him in the back of the police vehicle.  Det. Redding also states that he observed a small bag of marijuana in the vehicle.

Det. Kent states that he made contact with Mr. Freeman, searched him, and upon not finding any contraband on Mr. Freeman, detained him in the back of the police vehicle.  The officers then proceeded to search the vehicle whereupon they found, located in the rear passenger seat, two plastic bags containing what they believed to be controlled substances, specifically three pills of MDMA and 12.21 grams of Heroin and Fentanyl.  The detectives transported both Mr. Freeman and Mr. Mason to 51 S. Flicker Street for what they state was an "investigation."  After being read his Miranda rights, Mr. Freeman gave a verbal and written statement.  Afterwards, Mr.

Freeman was transported to 201 Poplar Street for processing.

## **LEGAL ARGUMENT**

### A. **Standing to Challenge the Constitutionality of his Detention and Moves to Suppress the Evidentiary Fruits of the Detention.**

The Fourth Amendment was established to protect "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend IV; see also *Devenpeck v. Alford*, 543 U.S. 146 (2004); *Ingram v. Prelesnik*, 730 Fed. App. 304, 309 (6th Cir. 2016); and *U.S. v. Davis*, 421 F. Supp. 3d 421, 441 (E.D. Ky 2019). It protects people, not places, and provides sanctuary for citizens wherever they have a legitimate expectation of privacy. *Minnesota v. Olsen*, 495 U.S. 91, 96 n. 5 (1990); *Savoy v. United States*, 604 F.3d 929, 935 (6th Cir. 2010). The capacity to claim the protection of the Fourth Amendment depends … upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *Kenny v. Parris Police Dep't*, 2011 U.S. Dist. LEXIS 45019 (E.D. KY, April 26, 2011).

Passengers in vehicles generally do not have an expectation of privacy in a vehicle and, as a result, are without standing to challenge the vehicle's search. *Rakas*, 439 U.S. at 148-49; *U.S. v. Torres-Ramos*, 536 F.3d 542, 549 (6th Cir. 2008). Nonetheless, a passenger in a vehicle may challenge the constitutionality of a detention and move to suppress the evidentiary fruits of the detention. *U.S. V. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007) (Although a passenger does not have a legitimate expectation of privacy in the searched vehicle, as a passenger a defendant may still challenge the stop and detention and argue that the evidence should be suppressed as fruits of illegal activity); see also *U.S. v. Bah*, 794 F.3d 617, 626 (6th Cir. 2015); *U.S. v. Johnson*, 2018 U.S.

3

Dist. LEXIS 191340 (W.D. Tenn., November 8, 2018).

Vehicle stops are seizures that must be conducted in accordance with the Fourth Amendment. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (citing *Brendlin v. California*, 551 U.S. 249, 255-59 (2007). To stop a vehicle for a suspected traffic violation, "officers need only reasonable suspicion, that is a particularized and objective basis for suspecting the particular person stopped of breaking the law." *Id*. (citing *Prado Navarette v. California*, 572 U.S. 393, 396 (2014); see also *Whren v. United States*, 517 U.S. 806, 810 (1996) ( "… the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."), see also *U.S. v. Collazo*, 818 F.3d 247, 253-54 (6th Cir. 2016); *U.S. v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008); *U.S. v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007).

Mr. Freeman was a passenger in the grey Nissan Altima that was being driven by Mr. Carlos Mason. The officers pulled behind Mr. Mason's vehicle on Hale St. and followed the vehicle for a couple of blocks eventually pulling the vehicle over on Crystal Street. Mr. Freeman states that when the vehicle was stopped by police no traffic infractions had been committed by any of the occupants of the vehicle and the officers did not have reasonable suspicion nor probable cause to initiate a traffic stop of the vehicle. After detaining Mr. Mason, the officers took Mr. Freeman out of the vehicle and did a search of his person and found no contraband on his person. After searching Mr. Freeman, the officers detained Mr. Freeman in the police vehicle as they searched the grey Altima. After a search of the vehicle, the officers found contraband and both Mr. Freeman and Mr. Mason was arrested.

As a passenger in the vehicle, Mr. Freeman has standing to contest the stop of vehicle and his detention commencing from that stop and therefore request that the fruits of the illegal stop and seizure of the vehicle be suppressed.

## CONCLUSION

The evidence in this matter was obtained through the illegality of the Memphis Police Department and must be suppressed. Mr. Freeman was a passenger in a vehicle that was stopped by these officers without any reasonable suspicion or probable cause that a civil traffic infraction had occurred or was ongoing. The seizure of the vehicle and its' subsequent search is a product of a Fourth Amendment violation and its results must be suppressed.

WHEREFORE, PREMISES CONSIDERED, Mr. Freeman moves this Honorable Court to suppress all evidence, including physical evidence and statements, which resulted from the illegal stop and subsequent search of the vehicle of which he was a passenger in. Defense counsel requests an evidentiary hearing and findings pursuant to *U. S. v. Moore*, 936 F.2d 287, 289 (6th Cir. 1991), which provides that essential findings on the record are necessary to facilitate appellate review.

Respectfully submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

/s Kafahni Nkrumah, Esq.
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

I, Kafahni Nkrumah, certify that a true copy of the foregoing Motion to Suppress was forwarded via the Court's electronic filing system to Mr. Greg Allen, Assistant United States Attorney, Clifford Davis Federal Office Building, Suite 800, 167 North Main Street, Memphis, Tennessee, 38103.

**THIS** the 26th day of June 2020.

/s Kafahni Nkrumah, Esq.
Assistant Federal Defender